IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

BRONDALYN NICOLE COLEMAN,       )
                                )
          Plaintiff,            )
                                )
v.                              )    No. CIV-22-122-R
                                )
GOODWILL INDUSTRIES OF          )
CENTRAL OKLAHOMA, INC.,         )
                                )
          Defendant.            )

## ORDER

Before the Court is the Motion to Dismiss (Doc. No. 3) filed by Defendant Goodwill Industries of Central Oklahoma, Inc. ("Goodwill") pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff responded in opposition to the motion. (Doc. No. 10). Upon consideration of the parties' submissions, the Court finds as follows.

Plaintiff filed this action pursuant to 42 U.S.C. § 1981, alleging that she was the victim of racial discrimination with regard to her employment at Goodwill. She alleges that she began work there in December 2019, as Director of Engagement and Employment Services. (Complaint, ¶ 2) She contends that starting in February 2020, she was the victim of intentional discrimination and retaliation because she was characterized by her supervisor as "combative" and she was labeled "aggressive" following a meeting. *Id.* ¶ 5. She contends that she was merely participating in the meeting, as expected with her position. She reported her supervisor's statements and behavior to Human Resources and contends that thereafter she was targeted. *Id.* Specifically Plaintiff contends that beginning in March 2020 she was not permitted to actively participate in meetings, to voice her opinion or to make management decisions, and that she was berated and degraded for

speaking up. *Id.* She alleges that she was furloughed from the end of March 2020 through May 4, 2020, and that she was the only employee treated in this manner. *Id.* ¶ 7. When she returned from furlough Plaintiff's job title and responsibilities were changed, she became Director of Supportive Services for Veteran Families and she contends that she was deprived of the opportunity to learn the necessary financial information for that job and not permitted to make decisions within the realm of that position. *Id.* ¶¶ 8-10. In July 2020, Plaintiff was issued a written reprimand for providing support to a co-worker who sought to lodge a complaint against a director of Goodwill.[1] *Id.* ¶ 11. Plaintiff thereafter felt compelled to resign her position and tendered her resignation. *Id* ¶ 12. In addition to her claims under 42 U.S.C. § 1981, Plaintiff alleges a claim for the intentional infliction of emotional distress. Defendant seeks dismissal of both claims.

     To survive a motion to dismiss for failure to state a claim, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief" from each named defendant. Fed. R. Civ. P. 8(a); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Tenth Circuit has summarized two "working principles" that underlie this standard. *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). First, the Court ignores legal conclusions, labels, and any formulaic recitation of the elements. *Kan. Penn Gaming*, 656 F.3d at 1214. Second, the Court accepts as true all remaining allegations and logical inferences and asks whether the claimant has alleged facts that make her claim plausible. *Id.* The "mere metaphysical possibility that some plaintiff could prove some set of facts in

---

[1] Plaintiff does not allege the nature of that complaint.

support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

With regard to Plaintiff's § 1981 discrimination claim, the Court hereby grants Defendant's motion.

> The Tenth Circuit has stated regarding employment discrimination claims that "[w]hile the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012); *accord Frappied v. Affinity Gaming Black Hawk, LLC*, 966 F.3d 1038, 1050 (10th Cir. 2020); see Jones, 617 F.3d at 1278-79 (approving continued application of burden-shifting framework of *McDonnell Douglas* to age discrimination claims governed by a but-for causation standard). A plaintiff establishes a prima facie case of discrimination by showing that "(1) the victim belongs to a class protected by [§ 1981], (2) the victim suffered an adverse employment action, and (3) the challenged action took place under circumstances giving rise to an inference of discrimination." *Throupe v. Univ. of Denver*, 988 F.3d 1243, 1252 (10th Cir. 2021) (quoting *EEOC v. PVNF, L.L.C.*, 487 F.3d 790, 800 (10th Cir. 2007)). "For the third element, a plaintiff can raise an inference of discrimination by showing differential treatment. For example, it is sufficient to show that the employer treated the plaintiff differently from similarly situated employees who are not part of the plaintiff's protected class." *Id.*; *see Jones*, 617 F.3d at 1279 (substituting for third element, plaintiff was qualified for the position and "was treated less favorably than others not in the protected class").

*Bowie v. Automax Used Cars*, *LLC*, No. CIV-21-393-D, 2021 WL 5065852, at *3 (W.D. Okla. Nov. 1, 2021).[2] Plaintiff's Complaint does not identify the race of any person other than herself. She alleges that she was treated differently than other persons but does not indicate those other employees were not members of a protected class. She fails to

---

[2] Plaintiff's burden under § 1981 is one of "but for" causation. *See Comcast v. National Ass'n of African-American Owned Media*, 589 U.S. --, 140 S.Ct. 1009 (2020).

3

identify the characteristics of the similarly situated employees, and in the absence of any such allegations, Plaintiff cannot avoid dismissal of her § 1981 discrimination claim.

The Court further finds that Plaintiff's Complaint fails to state a § 1981 claim for retaliation. Plaintiff asserts that she complained about her supervisor in February 2020, and shortly thereafter she was the only "workforce department executive" who was furloughed. She further alleges that upon her return from furlough she was informed that her job duties had changed and that she was denied access to the information necessary to succeed in her new role.

While plaintiff alleges that she made complaints to human resources near the time that she was furloughed, the mere possibility that the furlough was an act of retaliation is not sufficient to state a claim for relief. *Winne v. City of Lakewood, Colo.*, 436 F.App'x 840, 843 (10th Cir. 2011)(citing *Ashcroft*, 556 U.S. at 679). Plaintiff's allegations are deficient in part because she does not allege who chose her as the furloughed executive and whether that person was aware of her protected activity. *Davis v. BAE Systems Technology Solutions & Services Inc.*, 764 F. App'x 741, 747 (10th Cir. 2019). The same holds true for Plaintiff's reassignment when she returned from furlough. In short, the Complaint is replete with conclusory allegations but lacks sufficient factual detail to support a retaliation claim. *See Hare v. Donahoe*, 608 F. App'x 627, 630 (10th Cir. 2015).[3]

---

[3] The Court further concludes that Plaintiff has not alleged sufficient facts to support her theory that she was constructively discharged. "Constructive discharge occurs when an employer's actions make working conditions 'so difficult' or 'intolerable' that the employee 'ha[s] not other choice but to quit." *Sampson v. Kane is Able, Inc.*, 812 F. App'x 746, 749 (10th Cir. April 30, 2020)(quoting *Hiatt v. Colo. Seminary,* 858 F.3d 1307, 1318 (10th Cir. 2017)(further citations omitted)). The analysis is objective rather than focusing on the Plaintiff's subjective view of the workplace. *Id.* Plaintiff's factual allegations regarding the conditions at Goodwill in July 2020 when she chose

Finally, the Court grants Defendant's motion as it relates to Plaintiff's intentional infliction of emotional distress claim. To state a claim for intentional infliction of emotional distress, a plaintiff must allege that "(1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe." *Computer Publications, Inc. v. Welton*, 49 P.3d 732, 735 (Okla. 2002). The conduct must be "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.'" *Roberts v. International Bus. Mach., Corp.*, 733 F.3d 1306, 1311 (10th Cir. 2013), *quoting Breeden v. League Servs. Corp.*, 575 P.2d 1374, 1378 (Okla. 1978). The court serves as "gatekeeper" and makes an initial determination of whether the alleged conduct "may reasonably be regarded as sufficiently extreme and outrageous to meet the Restatement [Second of Torts,] § 46 standards." *Trentadue v. United States*, 397 F.3d 840, 856 n.7 (10th Cir. 2005) (applying Oklahoma law).

Plaintiff's state tort claim is premised on the alleged race discrimination and retaliation that she allegedly experienced in the course of her employment. There is not a blanket prohibition against claims of intentional infliction of emotional distress for workplace conduct or discrimination in Oklahoma, however, "[Oklahoma] appellate courts have consistently found employment related facts ... do not meet the § 46 criteria." *Gabler v. Holder & Smith, Inc.*, 11 P.3d 1269, 1280 (Okla. Civ. App. 2000). Oklahoma courts have routinely held that Title VII and other employment-related claims generally

---

to resign are insufficient to state a claim under this standard.

5

do not rise to the level of outrageous conduct necessary to support a claim of intentional infliction of emotional distress. *Daniels v. C.L. Frates & Co.*, 641 F. Supp. 2d 1214, 1218 (W.D. Okla. 2009); *see also Miner v. Mid–America Door Co.*, 68 P.3d 212 (Okla. Civ. App. 2003) (claim of intentional infliction of emotional distress was not established despite allegations of sexually explicit verbal abuse and physically threatening conduct by a supervisor); *Eddy v. Brown*, 715 P.2d 74 (Okla. 1986) (allegations of ridicule by supervisor and foreman did not amount to sufficiently outrageous conduct); *Cherry v. Oklahoma ex rel. Dep't of Human Servs.*, No. 14-cv-401, 2017 WL 4158630, *2-3 (N.D. Okla. Sept. 19, 2017). Plaintiff's allegations that she was the victim of race discrimination when she was called aggressive and that after she complained she was subjected to retaliation do not rise to the level of extreme and outrageous conduct required to state a claim for intentional infliction of emotional distress.

In response to the Motion to Dismiss Plaintiff alternatively requests leave to amend her Complaint. The Court hereby denies Plaintiff's request without prejudice to filing an appropriate motion to amend in accordance with both the Court's Local Civil Rules and the Federal Rules of Civil Procedure. The Court will hold the case in abeyance for fourteen days from entry of this Order to permit Plaintiff to file such a motion.

For the reasons set forth herein, Defendant's Motion to Dismiss is GRANTED.

**IT IS SO ORDERED** this 9th day of May 2022.

_____
**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**