## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **BRONDALYN NICOLE COLEMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. CIV-22-122-R** |
| | ) | |
| **GOODWILL INDUSTRIES OF** | ) | |
| **CENTRAL OKLAHOMA, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Before the Court is the Motion to Dismiss Plaintiff's First Amended Complaint (Doc. No. 17) filed by Defendant Goodwill Industries of Central Oklahoma, Inc. ("Goodwill") pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff responded in opposition to the motion. (Doc. No. 18). Upon consideration of the parties' submissions, the Court finds as follows.

Plaintiff filed this action pursuant to 42 U.S.C. § 1981, alleging that she was the victim of racial discrimination with regard to her employment at Goodwill. She alleges that she is an African American female who began work at Goodwill in December 2019, as Director of Engagement and Employment Services. (Amended Complaint, ¶¶ I-1 and III-2). During her tenure she was the only African American member of management. *Id.* ¶ III-2. She contends that starting in February 2020, she was the victim of intentional discrimination and retaliation because she was characterized by her supervisor, Jenna, a vice president for Goodwill, as "combative" and she was labeled "aggressive" following a meeting between the two. *Id.* ¶ 5. She contends that she was merely participating in the

meeting, as expected with her position. She reported her supervisor's statements and behavior to Human Resources and contends that thereafter she was targeted. *Id.*

Specifically, Plaintiff contends that beginning in March 2020, she was not permitted to actively participate in meetings, to voice her opinion or to make management decisions, and that she was berated and degraded for speaking up, while white managers were not treated in this manner. *Id.* ¶ 6. She alleges that she was furloughed without pay from the end of March 2020 through May 4, 2020, and that she was the only employee in management subject to furlough. *Id.* ¶ 7. When she returned from furlough her supervisor, Jenna, informed her that her job title and responsibilities were changed; she became Director of Supportive Services for Veteran Families. *Id.* ¶ 8. She alleges she was deprived of the opportunity to learn the necessary financial information for that job and not permitted to make decisions within the realm of that position. *Id.* ¶¶ 9-10. In July 2020, Plaintiff was issued a written reprimand for providing support to a co-worker who sought to lodge a complaint against a director of Goodwill who believed she was being treated differently because of her age. *Id.* ¶ 11. Plaintiff alleges that she felt compelled to resign her position and tendered her resignation. *Id* ¶ 12. Via the Amended Complaint Plaintiff seeks relief under 42 U.S.C. § 1981, asserting that she was subjected to disparate treatment based on her race and that she was subjected to retaliation for her complaints to Human Resources regarding Jenna after the February 2020 meeting.

To survive a motion to dismiss for failure to state a claim, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief" from each named defendant. Fed. R. Civ. P. 8(a); *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007). The Tenth Circuit has summarized two "working principles" that underlie this standard. *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). First, the Court ignores legal conclusions, labels, and any formulaic recitation of the elements. *Kan. Penn Gaming*, 656 F.3d at 1214. Second, the Court accepts as true all remaining allegations and logical inferences and asks whether the claimant has alleged facts that make her claim plausible. *Id.* The "mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

With regard to Plaintiff's § 1981 discrimination claim, the Court denies Defendant's motion. Via the Amended Complaint Plaintiff has added additional information absent from the original pleading, namely the race of other employees who she asserts were treated differently. The furlough and the change of job position, which she alleges affected only her, support both her § 1981 claim that she was treated differently because of her race and her retaliation claim, in light of her allegation that shortly after she complained she was not permitted to participate equally, was furloughed without pay, and reassigned to a lower position. *See Bowie v. Automax Used Cars, LLC*, No. CIV-21-393-D, 2021 WL 5065852, at *3 (W.D. Okla. Nov. 1, 2021).[1] Similarly, the Court finds that Plaintiff's new allegation that Jenna, the vice president, the person about

---

[1] As noted in the Court's prior Order granting Defendant's Motion to Dismiss, Plaintiff's burden under § 1981 is one of "but for" causation. *See Comcast v. National Ass'n of African American-Owned Media*, 589 U.S. --, 140 S.Ct. 1009 (2020). The Court finds sufficient factual allegations to support this burden.

whom Plaintiff complained to human resources, was the person who informed her of her reassignment, supports her theories of discrimination and retaliation.

The Court further finds that Plaintiff has sufficiently alleged facts to plead a constructive discharge claim. "Constructive discharge occurs when an employer's actions make working conditions 'so difficult' or 'intolerable' that the employee 'ha[s] no other choice but to quit." *Sampson v. Kane is Able, Inc.*, 812 F. App'x 746, 749 (10th Cir. April 30, 2020)(quoting *Hiatt v. Colo. Seminary*, 858 F.3d 1307, 1318 (10th Cir. 2017)(further citations omitted)).

"Constructive discharge claims may also be based on other types of intolerable working conditions such as retaliatory conduct for making a complaint of discrimination, *see Woodward v. City of Worland*, 977 F.2d 1392, 1402 (10th Cir. 1992), or a failure to promote for discriminatory reasons (citation omitted)." *Premratananont v. S. Suburban Park & Recreation Dist.*, No. 97-1090, 1998 WL 211543, at *2, 149 F.3d 1191 (10th Cir. 1998). However, "[a] finding of constructive discharge must not be based only on the discriminatory act; there must also be aggravating factors that make staying on the job intolerable." *Id. (quoting James v. Sears Roebuck*, 21 F.3d 989, 992 (10th Cir. 1994). For example, "[a] perceived demotion or reassignment to a job with lower status or lower pay may, depending upon the individual facts of the case, constitute aggravating factors that would justify finding of constructive discharge." *James v. Sears Roebuck*, 21 F.3d at 993.

Here, Plaintiff alleges that, in addition to the retaliatory furlough shortly after she complained about Jenna calling her "angry," she was subsequently disciplined for aiding a coworker in levying a complaint about age discrimination. Under these circumstances,

it is plausible that a reasonable person in Plaintiff's position would have felt compelled to resign believing that her future at Goodwill was limited by her prior complaint.

For the reasons set forth herein, Defendant's Motion to Dismiss is DENIED.

**IT IS SO ORDERED** this 12th day of September 2022.

DAVID L. RUSSELL
**UNITED STATES DISTRICT JUDGE**